IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE M. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:2005-375 |
| ) | |
| DETECTIVE LAWRENCE WAGNER, ) | |
| individually and acting in the official ) | |
| capacity of the City of Johnstown as a ) | |
| Police Department Detective, ) | |
| DETECTIVE JAMES KOPERA, ) | |
| individually and acting in the official ) | |
| capacity of the City of Johnstown as a ) | |
| Police Department Detective, and CITY ) | JUDGE GIBSON |
| OF JOHNSTOWN POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendants' three motions in limine: Motion in Limine to Prohibit the Testimony of Bruce Lester at Trial (Document No. 37), Motion in Limine to Prohibit Plaintiff from Utilizing the Affidavit of Bruce Lester and Newspaper Article as Evidence at Trial (Document No. 39) and Motion in Limine to Prohibit Plaintiff from Presenting as Evidence at Trial a Lease (Document No. 40).

**Motion in Limine to Prohibit the Testimony of Bruce Lester at Trial (Document No. 37)**

The Defendants seek a ruling from the Court that strikes Bruce Lester (Lester) from the Plaintiff's pretrial statement and otherwise prohibits Lester from testifying at trial because Lester failed

to appear twice for deposition noticed by the *Defendants'* counsel after apparently being served with a subpoena by members of the Johnstown Police Department and having this Court order (*see* Document No. 18) Lester's attendance for the second noticed deposition upon the *Defendants'* motion. The Defendants now argue that because the Plaintiff himself after a request from Defendants' counsel (Defendant's Brief (Document No. 38), p. 3) did not provide assistance to the Defendants in securing Lester's attendance at deposition after the Defendants' request and the fact that Lester was not deposed that they will be prejudiced should the Plaintiff be permitted to present him as a witness at trial. *See* Defendant's Brief, pp. 1-2. The Plaintiff responds that he is unsure if Lester can still be brought before the Court to testify at the trial, but that if he is available that he would have no objection to the Defendants deposing him. Plaintiff's Brief (Document No. 42), pp. 1-2.

To the extent that the Defendants rely on the case of *Jackson v. Mills*, Civil Action No. 96-cv-3751, 1997 U.S. Dist. LEXIS 17500 (E.D.Pa. November 4, 1997), it is inapposite. In *Jackson*, the plaintiff's counsel and defendant's counsel worked together to attempt to secure the deponent's attendance at the deposition and the court recognized that the plaintiff's counsel did not act to otherwise obstruct the deponent's appearance or any communication attempted with the deponent. *Id.* at *2-3. It is clear that cooperation was given in *Jackson* and the absence of cooperation (but not intentional obstruction) by a plaintiff's counsel in obtaining the attendance of a defendant's deponent at a deposition was not at issue. The Defendants in this case rely on the lack of cooperation from the Plaintiff in making their argument for exclusion of the proposed testimony, but the Court is not convinced. Federal Rule of Civil Procedure 30, providing for the deposing of witnesses through oral deposition, clearly contemplates that the party seeking the deposition has the burden of producing the

2

deponent: the rule itself indicates that a party may depose another and if that deponent is a non-party witness then the issuance of a subpoena is permitted to ensure the deponent's attendance. Fed.R.Civ.P. 30(a)(1).

Additionally, had Plaintiff's counsel attended both scheduled depositions of Lester (which he did not) and if the Defendants' counsel also failed to serve a subpoena upon Lester, Plaintiff's counsel could recover expenses for his attendance. Fed.R.Civ.P. 30(g). However, this was not the case. Defendants' counsel apparently served Lester through the presentment of a subpoena by Detective Haymaker of the Johnstown Police Department. Motion, p. 2. It is unknown whether the service included the tendering of a witness fee and applicable mileage costs.[1] The Plaintiff's attorney did not attend either of the attempted depositions. Had Lester appeared and been deposed by the Defendants' counsel in the absence of the Plaintiff's counsel, the Court would not view positively any complaints of Plaintiff's counsel as a result of his absence. Furthermore, the Defendants' counsel failed to move for an order of contempt against Lester in accordance with the Court's Order and his statements on the record set forth in Exhibit F to his motion. Therefore, the Court will not countenance the complaints of Defendants' counsel that the Plaintiff's counsel did not do all he could to help secure the attendance of the Defendants' deponent. The Defendants' motion will be denied, but the Defendants will be permitted to depose Lester outside of the hearing of the jury at the time of trial and prior to him being called to the stand by any party, preferably prior to commencement of any trial testimony.

---

[1] If this is true, this may have been the reason that the Defendants did not seek contempt of court sanctions against Lester.

3

**Motion in Limine to Prohibit Plaintiff from Utilizing the Affidavit of Bruce Lester and Newspaper Article as Evidence at Trial (Document No. 39)**

The Defendants have moved for the exclusion of these two pieces of evidence as being hearsay, (*see* Motion, p. 2); the Plaintiff did not oppose the exclusion of Lester's affidavit (*see* Plaintiff's Brief in Opposition (Document No. 44), p. 1) and the Court cannot see any basis at this time to permit the introduction of such hearsay at trial. Unless Lester is unavailable for trial and the Plaintiff can present an argument for admitting this evidence under Federal Rule of Evidence 804, the Court will grant this portion of the Defendants' motion. As for the newspaper article, the Plaintiff argues that it is the article's publication which is evidence, not its contents. *Id.* It appears that the Plaintiff is seeking introduction of this article in support of his defamation claim, specifically the publication element under 42 Pa. Cons. Stat. Ann. § 8343. The Court does not possess a copy of this article, but based upon the Plaintiff's proffer, it will deny the Defendants' motion without prejudice to the Defendants to renew the objection at the time of trial should the article in question be dissimilar to the Plaintiff's proffer.

**Motion in Limine to Prohibit Plaintiff from Presenting as Evidence at Trial a Lease (Document No. 40)**

The Defendants move to exclude from trial a copy of a lease that the Plaintiff allegedly entered into with Lisa Krannacker, a landlord in Butler, Pennsylvania; the Defendants allege that the Plaintiff failed to disclose this previously under Federal Rule of Civil Procedure 26. Defendant's Motion, pp. 1-2. The Plaintiff responds that he does not possess a copy of this lease, that Ms. Krannacker is expected to have retained a copy of it and that in subpoening Ms. Krannacker to testify at trial regarding the whereabouts of the Plaintiff during the events in question, the Plaintiff expects her to present a copy

4

of that lease at the time of trial. The Court will deny the Defendants' motion, but permit them until December 9, 2008 to seek leave of Court to engage in additional discovery in order to obtain from Ms. Krannacker a copy of said lease if they wish. The deadline of any permitted discovery will be addressed when and if the Defendants seek said leave.

AND NOW, this 2nd day of December, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendants' Motion in Limine to Prohibit the Testimony of Bruce Lester at Trial (Document No. 37) is DENIED; IT IS FURTHER ORDERED THAT the Defendants' Motion in Limine to Prohibit Plaintiff from Utilizing the Affidavit of Bruce Lester and Newspaper Article as Evidence at Trial (Document No. 39) IS GRANTED IN PART as to the Bruce Lester affidavit and DENIED WITHOUT PREJUDICE as to the newspaper article; and IT IS FURTHER ORDERED THAT the Defendants' Motion in Limine to Prohibit Plaintiff from Presenting as Evidence at Trial a Lease (Document No. 40) is DENIED.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE